# EXHIBIT 1

STATE OF MICHIGAN
KENT COUNTY CIRCUIT COURT

JORDAN SWEEZER and MARIE SWEEZER,

    Plaintiffs,

vs.

TAKEDA PHARMACEUTICALS AMERICA, INC.
a Delaware Corporation a/k/a Takeda Pharmaceuticals USA, Inc.
d/b/a Biolife Plasma Services; BIOLIFE PLASMA
SERVICES, LP, a Pennsylvania Limited Partnership; BIOLIFE
PLASMA LLC, a Delaware Limited Liability Company

Hon. **SCOTT A. NOTO (P-67833)**

CASE NO: 22-112-NO

---

BENJAMIN W. MILLS (P66155)
Attorney for Plaintiffs
GRUEL MILLS NIMS & PYLMAN PLLC
99 Monroe Avenue, Suite 800
Grand Rapids, MI 49503
(616)235-5500
bwmills@gmnp.com

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

---

**NOW COME** Plaintiffs, Jordan Sweezer and Marie Sweezer, by and through their attorneys, Gruel Mills Nims & Pylman, PLLC and for their Complaint against Defendants, states as follows:

1.    At all relevant times, plaintiffs Jordan Sweezer and Marie Sweezer were residents of the City of Wyoming, County of Kent, State of Michigan, and resided together as husband and wife.

2. At all relevant times, defendant Takeda Pharmaceuticals America, Inc a/k/a Takeda Pharmaceuticals USA, Inc, was a Delaware corporation authorized to transact business in the State of Michigan, and did transact business in the state of Michigan under the name "Biolife Plasma Services."

3. At all relevant times, defendant Biolife Plasma Services LP was a Pennsylvania Limited Partnership authorized to transact business in the State of Michigan. The limited partnership consisted of one general partner, Biolife Plasma LLC, A Delaware Corporation.

4. At all relevant times, Biolife Plasma LLC was authorized to transact business in the State of Michigan.

5. Hereinafter, the collective defendants (Takeda Pharmaceuticals America, Inc f/k/a Takeda Pharmaceuticals USA, Inc, d/b/a Biolife Plasma Services, Biolife Plasma Services LP, and Biolife Plasma LLC) shall be referred to as "Biolife Plasma."

6. At no time were defendants licensed healthcare providers to Jordan Sweezer, nor were their facilities licensed healthcare facilities within the state of Michigan. See MCL 600.5838a, MCL 333.20106(a).

7. At all relevant times, Biolife Plasma owned and operated approximately 150 Biolife Plasma Services collection facilities throughout the United States, including a collection facility at 540 Center Dr NW in Walker, State of Michigan, County of Kent.

8. Venue is proper in this jurisdiction because the original injury occurred in Kent County, and defendant(s) conduct business in Kent County.

9. The amount in controversy in this action is in excess of $25,000, exclusive of costs, interest, or attorney fees.

10. On or about May 24, 2021, Jordan Sweezer was donating plasma at the Biolife Plasma Services collection facility located in Walker, Michigan.

11. Plasma consists of the liquid portion of blood, and serves to maintain blood pressure and volume, supply critical proteins for blood clotting and immunity, carry electrolytes such as sodium and potassium to the muscles, and maintain a proper pH balance in the body.

12. Biolife Plasma operates centers where individuals can have their blood plasma collected for use in medical settings where patients can receive blood plasma for clinical or therapeutic treatment to treat a variety of conditions. Donors are paid for providing their plasma and the rate of pay is adjusted based on the frequency of their contributions.

13. In a plasma donation, the liquid portion of the donor's blood is separated from the cells. Blood is drawn from one arm and sent through a machine that collects the plasma. The donor's red blood cells and platelets are then returned to the donor along with saline.

14. Plaintiff Jordan Sweezer began to give donated plasma at BioLife earlier in 2021 as a way to help make ends meet because of a change in jobs that occurred during the pandemic.

15. On May 24, 2021, towards the end of the collection process, the tube leading from Jordan's arm to the machine detached, causing Jordan to lose a significant volume of blood onto the floor.

16. By the time this was noticed and stopped by an employee of BioLife, Jordan was very weak, lightheaded, and nauseous.

17. Jordan was assisted to a waiting room by employees of BioLife, where he was placed in a chair. He was not offered the opportunity to lay down.

18.     As he was sitting up in the chair, he was even more faint. As he was talking to his wife on the phone, he passed out, and his head jerked as if in a seizure. This caused him to strike his head on a counter that was behind the chair.

19.     Jordan suffered a significant concussion and/or a hypoxic brain injury due to loss of blood perfusion to the brain, resulting in him being unable to work or drive due to headaches, nausea, dizziness, fatigue, and cognitive problems.

20.     At all relevant times BioLife Plasma was vicariously liable for the negligence of its employees, agents, and ostensible agents, through the doctrine of *respondeat superior*.

21.     At all relevant times BioLife Plasma, through its employees, agents, and ostensible agents, owed its customers, including Jordan Sweezer, the duty to act in a prudent manner, not likely to injure, harm, or expose its customers to unreasonable risk of foreseeable injury or harm.

22.     This duty included, but was not limited to:

   a. To properly train its employees;
   b. To properly maintain its equipment;
   c. To properly train its employees on the use of its equipment;
   d. To properly monitor individuals making plasma donations;
   e. To properly set alarms for malfunctioning equipment;
   f. To recognize that an individual who has lost a significant volume of blood may become faint or otherwise unsteady, increasing the risk of injury;
   g. To offer a space for an individual who has recently lost a significant volume of blood to lay down until other supportive measures are taken, including but not limited to treatment from EMS or transport to a hospital;
   h. Other duties that are found to exist as identified during discovery and through trial.

23.     Defendants, individually or by and through their duly authorized employees, agents, and/or ostensible agents, breached one or more of the above duties, proximately causing the injuries and damages as described below.

24. As a direct and proximate result of the negligence described above, plaintiff Jordan Swezer suffered injuries and damages, which include, but are not limited to:

    a. Concussion and/or hypoxic brain injury resulting in motor deficits, headaches, vision changes, personality changes, and cognitive deficits requiring prolonged treatments and therapy;
    b. Past and future lost wages;
    c. Past and future pain and suffering;
    d. Past and future loss of enjoyment of life;
    e. Fright and shock;
    f. Loss of consortium with his spouse, plaintiff Marie Sweezer;
    g. Emotional Distress;
    h. Other injuries and damages as identified through discovery and through trial.

25. At all relevant times, plaintiffs Jordan Sweezer and Marie Sweezer were married to each other.

26. As a proximate result of the negligence of the defendants, as described above, plaintiff Marie Sweezer has sustained injuries and damages due to the injuries and damages sustained by her spouse, including loss of companionship, services and other marital benefits, otherwise known as loss of consortium.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment on their behalf against Defendants in whatever amount the Court deems fair and equitable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest, costs and attorney's fees as provided by law.

GRUEL MILLS NIMS & PYLMAN, PLLC

Dated: 12-1-22

By: _____
Benjamin W. Mills (P66155)
Attorney for Plaintiffs

STATE OF MICHIGAN
KENT COUNTY CIRCUIT COURT

JORDAN SWEEZER and MARIE SWEEZER,

    Plaintiffs,

vs.

TAKEDA PHARMACEUTICALS AMERICA, INC.
a Delaware Corporation a/k/a Takeda Pharmaceuticals USA, Inc.
d/b/a Biolife Plasma Services; BIOLIFE PLASMA
SERVICES, LP, a Pennsylvania Limited Partnership; BIOLIFE
PLASMA LLC, a Delaware Limited Liability Company

Hon.

CASE NO: 22-    -NO

---

BENJAMIN W. MILLS (P66155)
Attorney for Plaintiffs
GRUEL MILLS NIMS & PYLMAN PLLC
99 Monroe Avenue, Suite 800
Grand Rapids, MI 49503
(616)235-5500
bwmills@gmnp.com

---

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this cause.

GRUEL MILLS NIMS & PYLMAN, PLLC

Dated: 12-1-22

By: _____
Benjamin W. Mills (P66155)
Attorney for Plaintiffs